UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 05-20419-CR-MARTINEZ-BANDSTRA

UNITED STATES OF AMERICA,

vs.

MICHAEL SCARPON, et al.,

    Defendants.
_____/

## ORDER DENYING EMERGENCY MOTION OF TIMES PUBLISHING COMPANY AND WILLIAM R. LEVESQUE TO QUASH SUBPOENA FOR TRIAL AND DENYING REQUEST FOR EMERGENCY HEARING

THIS CAUSE came before the Court upon Non-parties Times Publishing Company and its staff writer William R. Levesque's Emergency Motion to Quash Subpoena for Trial **(D.E. No. 113)**, filed on September 11, 2006 and Non parties Times Publishing Company and its staff writer William R. Levesque's Request for Emergency Hearing **(D.E. No. 114)**, filed on September 11, 2006.  Times Publishing Company ("Times") and Levesque argue in their motion that the trial subpoena Levesque has received should be quashed based on Levesque's qualified journalist privilege.  The Court disagrees and will deny the motion to quash.

The Eleventh Circuit has recognized a journalist privilege.  *See Miller v. Transamerican Press, Inc*. 621 F.2d 721, 725 (5th Cir. 1980)[1] ("We hold that a reporter has a First Amendment privilege which protects the refusal to disclose the identity of confidential informants, however, the privilege is not absolute and in a libel case as is here presented, the privilege must yield.").

---

[1] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*See also McCarty v. Bankers Ins. Co., Inc.*, 195 F.R.D. 39, 44 (N.D. Fla. 1998) (stating that "the federal courts, including the Eleventh Circuit, and the district courts therein have overwhelmingly recognized a qualified privilege for journalists which allows them to resist compelled disclosure of their professional news gathering efforts and results, whether published or not."). However, the journalist privilege can be overcome "where party requesting the information can show that it is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." *United States v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986). The Court finds that after considering the Government's response and the record in this case, the Government has met this burden and overcome the journalist privilege. Therefore, it is hereby:

    **ORDERED AND ADJUDGED** that

1. Non-parties Times Publishing Company and its staff writer William R. Levesque's Emergency Motion to Quash Subpoena for Trial **(D.E. No. 113)** is **DENIED**.

2. Non parties Times Publishing Company and its staff writer William R. Levesque's Request for Emergency Hearing **(D.E. No. 114)** is **DENIED**.

    DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2006.

                                                                  _____
                                                                  JOSE E. MARTINEZ
                                                                  UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record